# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 14, 2021

Lyle W. Cayce
Clerk

No. 20-60209
Summary Calendar

Enma Rivera-Sorto,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 592 248

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Enma Rivera-Sorto, a citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her appeal from the Immigration Judge's (IJ) denying: asylum; withholding of removal; and relief under the Convention Against Torture (CAT). She contends the court erred

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

in concluding she failed to establish past persecution, or a well-founded fear of future persecution based on a protected ground.

In considering the BIA's decision (and the IJ's decision, to the extent it influenced the BIA), legal conclusions are reviewed *de novo*; factual findings, for substantial evidence. *E.g.*, *Orellano-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under the substantial-evidence standard, "petitioner has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Id.* at 518 (citation omitted).

To qualify for asylum, an applicant must demonstrate, *inter alia*, either past persecution, or a "well-founded fear of future persecution". 8 C.F.R. § 208.13(b) (asylum eligibility). To qualify for withholding of removal, an applicant "must demonstrate a clear probability of persecution upon return". *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (citation omitted). The standard for withholding of removal is more stringent than for asylum. *Orellana-Monson*, 685 F.3d at 518. Therefore, an applicant who fails to meet the asylum standard cannot meet the withholding-of-removal standard. *Id.*

Rivera asserts she suffered persecution in the form of domestic violence from her boyfriend, the father of her child. According to the IJ, her claims failed because she did not prove a necessary element, her government's ability and willingness to protect her. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006) (explaining "[p]ast persecution entails harm inflicted on the alien on account of a statutorily enumerated ground by the government or forces that a government is unable or unwilling to control"). After testimony by Rivera, the IJ noted Salvadorian courts gave her favorable rulings and orders and law enforcement protected her daughter from her boyfriend.

Rivera provides no contentions regarding the basis for the IJ and BIA's denial of her application. Her brief in this court does not dispute the validity or correctness of the IJ and the BIA's findings. She has, therefore, abandoned any claim of error. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004) (explaining unbriefed issues are considered waived); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (explaining petitioner made no assertion decision was contrary to substantial evidence and, therefore, abandoned the issue).

Regarding her withholding claim, Rivera contends she established past persecution and, therefore, is entitled to a presumption of future persecution. This assertion is incorrect. Because she failed to meet her burden for asylum, she also failed to meet the higher standard for withholding of removal. Rivera presented nothing that compels a conclusion different than the decisions of the IJ and the BIA.

To establish a claim for CAT protection, an applicant must demonstrate it is more likely than not she will be tortured in her home country "at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity". 8 C.F.R. §§ 1208.16(c)(2) (eligibility of withholding of removal under CAT), 1208.18(a)(1) (defining torture). Acquiescence "requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity". 8 C.F.R. § 1208.18(a)(7) (defining acquiescence of a public official).

Rivera asserts public officials would not protect her from future torture. As noted *supra*, however, she successfully obtained help from both

No. 20-60209

the courts and law enforcement. The IJ relied on this evidence, and Rivera has made no contention compelling a different conclusion.

DENIED.